KOSTELANETZ & FINK, LLP

7 WORLD TRADE CENTER, 34TH FLOOR
NEW YORK, NEW YORK 10007
—
TEL: (212) 808-8100
FAX: (212) 808-8108
www.kflaw.com

WASHINGTON, DC OFFICE
601 NEW JERSEY AVENUE, NW, SUITE 260
WASHINGTON, DC 20001
—
TEL: (202) 875-8000
FAX: (202) 844-3500

October 20, 2022

**VIA ECF W/ COURTESY COPY VIA FIRST CLASS MAIL**

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  *United States ex rel. YNKDY-2 v. Shiel Medical Laboratory, et al.*
          Civil Action No. 16-CV-1090

Dear Judge Garaufis:

    We are co-counsel for Jack Basch ("Mr. Basch"), a named defendant in the above-captioned *qui tam* matter brought by corporate relator YNKDY-2 ("Relator") that was recently unsealed following the federal and state governments' unanimous decisions to decline intervention. Further to Your Honor's Individual Rule V(A)(2)(a), we write to respectfully request that the Court: (1) schedule a pre-motion conference to discuss Mr. Basch's contemplated motion to dismiss Relator's Second Amended Complaint (the "SAC") pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 10(a), and 9(b); and (2) extend Mr. Basch's time to respond to the SAC to a date to be determined at the conference.[1]

    By way of background, this matter was filed under seal in March 2016 pursuant to the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "FCA") and certain state-based FCA analogues and other laws alleging, *inter alia*, that Defendants knowingly submitted claims for reimbursement for laboratory tests that were not reasonable or necessary or that were furnished pursuant to improper referrals and kickbacks. Relator is a California corporation that has but one function – to assert the claims of an unnamed individual (the "Anonymous Individual"). Relator claims that the Anonymous Individual "held a senior position with [named Defendant] Shiel" with "direct and personal knowledge of the matters alleged." SAC ¶ 10.

    Having cobbled together pages of hollow and generalized allegations regarding alleged inappropriate clinical laboratory testing and claims, Relator seeks to parlay a series of inferential logical leaps and incorrect legal conclusions into a windfall recovery. As is set forth below, Relator's SAC is deficient in multiple regards – a conclusion the United States, the State of New

---

[1]     By Order dated September 12, 2022, Mr. Basch's current deadline to answer, move, or otherwise respond to the SAC is October 25, 2022. Mr. Basch disputes the SAC's allegations and denies liability.

Hon. Nicholas G. Garaufis
Re: *United States ex rel. YNKDY-2 v. Shiel Medical Laboratory, et al.*
    Civil Action No. 16-CV-1090
October 20, 2022
Page 2

York, and the State of New Jersey appear to have all reached given their declinations of intervention. This matter, which Relator now seeks to pursue on its own, should be dismissed in its entirety.

I.      **Under Fed. R. Civ. P. 10(a) and 12(b)(1), Relator is Not A Proper Party**

This case may not proceed based on the claims of a corporate shell, with the Anonymous Individual unnamed. This case squarely presents an issue that courts have not yet addressed head on: whether an individual may hide behind a shell corporation formed for the sole purpose of serving as relator in an FCA action. The answer is "no."

*First*, Mr. Basch should not be expected to respond to fraud allegations from an unidentified source. Relator is a California corporation. The SAC conflates the Anonymous Individual with Relator's undefined "Principal/Agent." SAC ¶ 10.[2] Yet, Relator's registered "Agent" is Mark A. Kleiman, Relator's attorney, who specializes in bringing FCA *qui tam* cases (his e-mail is mkleiman@quitam.org, SAC ¶ 171), and who incorporated Relator solely to bring this suit.[3] Knowing the identity of Relator's attorney and the corporation he formed is of no help to Mr. Basch, who is not apprised by the SAC of the source of Relator's allegations. Mr. Basch is thus deprived of basic tools to meaningfully analyze and respond to the SAC. *See United States ex rel. Graves v. Internet Corporation for Assigned Names and Numbers, Inc.*, 398 F. Supp. 3d 1307, 1313 (N.D. Ga. 2019) ("the False Claims Act contemplates the added difficulty of the Government declining to intervene by adding a greater financial incentive for relators who continue to prosecute **but does not provide for the ability to do so anonymously**") (emphasis added).

*Second*, allowing the Anonymous Individual to hide behind a corporate shell violates the fundamental presumption of openness in judicial proceedings. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy … judicial records and documents."). In FCA actions, this presumption "is 'especially strong [because] the filings involve matters of particular concern to the public, such as allegations of fraud against the government.'" *United States ex rel. Jack Permison v. Superlative Techs.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) (citing *Under Seal v. Under Seal*, 27 F.3d 564 (Table), 1994 WL 283977, at *2 (4th Cir. June 27, 1994)).

---

[2]     While the SAC also alleges, much later that "John Doe is **one of the principals** [plural] who formed the corporate entity which is the Relator in this action," SAC ¶ 167 (emphasis added), this is at odds with the allegation, under "Jurisdiction, Venue, Parties," that a single principal "on **his** own initiative" allegedly "contacted federal law enforcement[.]" SAC ¶ 10 (emphasis added). The description under "Parties," governs the analysis of the SAC.

[3]     Kleiman is Relator's registered agent. See https://bizfileonline.sos.ca.gov/search/business. At least one other Kleiman YKNDY entity, YKNDY 3, Inc., also brought a *qui tam* action, *YNKDY 3 v. Dermone, LLC et al.*, D.N.J. Case No 2:16-cv-01967, filed April 8, 2016, which was dismissed on October 3, 2017, after the government declined to intervene.

A recent increase in the use of shell corporate entities as "relators" formed exclusively to bring FCA suits threatens to undermine these principles. *Cf. United States v. UCB, Inc.*, 970 F.3d 835, 852 (7th Cir. 2020) (describing with disapproval a corporate relator as an "investment vehicl[e] for financial speculators"). Relator is an improper plaintiff, a speculative vehicle to seek a financial windfall while concealing the Anonymous Individual's identity.

*Third*, the SAC also violates Fed. R. Civ. P. 10(a), which, codifies the rule of open disclosure, providing that "the title of the complaint must name all the parties." The Second Circuit has held: "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly. Certainly, '[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.'" *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008) (citation omitted).

The Relator has unlawfully seized secrecy for the Anonymous Individual through improper self-help. Courts have carved out only a "limited number of exceptions to the general requirement of disclosure," where an **individual plaintiff's** "interest in anonymity [is] balanced against both the public interest in disclosure and any prejudice to the defendant," by considering, *inter alia*, whether the matter is "highly sensitive and [of a] personal nature," "whether identification poses a risk of retaliatory physical or mental harm," **and** "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously[.]" *Sealed Plaintiff*, 537 F.3d at 189-90 (internal citations omitted). At a minimum, Defendants are prejudiced by not knowing the identity of the Anonymous Individual. Thus, the use of a corporate shell makes an end run around the requirement that a plaintiff establish these elements, none of which, seemingly, would apply here.

In fact, courts routinely reject individual FCA relators' attempts at anonymity. *See United States ex Rel Doe v. Horizon Therapeutics PLC*, 2021 WL 3500911, at *1-2 (S.D.N.Y. Aug. 8, 2021) (refusing to extend FCA seal despite relator's claim that "[d]efendants and others could potentially decipher Relator's identity based on the allegations of the pleadings" and so allegedly harm his professional reputation); *United States ex rel. Wenzel v. Pfizer, Inc.*, 881 F. Supp. 2d 217, 222 (D. Mass. 2012) (refusing to seal *qui tam* complaint despite relator's claim that he would face blacklisting by healthcare industry); *United States v. UCB, Inc.*, 2017 WL 838198, at *2 (S.D.N.Y. Mar. 3, 2017) ("Courts generally do not find that the risk of employer retaliation outweighs the presumption of public access to documents filed in FCA actions.") (collecting cases).

*Fourth*, Relator does not have standing, requiring dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. While some corporate relators may have been deemed proper plaintiffs, no case has held that an entity formed to conceal the identity of someone with purported knowledge, may, to preserve that anonymity, serve as the sole relator in a *qui tam* action. *See, e.g., Federal Recovery Services, Inc. v. U.S.*, 72 F.3d 447, 448 (5th Cir. 1995) (president and shareholders of relator corporation identified by name); *United States v. Laboratory Corp. of America Holdings*, 2011 WL 3718625, at *1 (S.D.N.Y. Aug. 29, 2022 (individual source of allegations identified by name). *Cf. United States ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, New York*, 495 F. Supp.2d 375, 377-78 & n.3 (S.D.N.Y. 2007) (before relator filed suit, defendant's representative met with relator's executive director to

Hon. Nicholas G. Garaufis
Re: *United States ex rel. YNKDY-2 v. Shiel Medical Laboratory, et al.*
    Civil Action No. 16-CV-1090
October 20, 2022
Page 4

discuss facts underlying relator's claims); *A1 Procurment, LLC v. Hendry Corp.*, 2013 WL 12065531, at *1-2 (S.D. Fla. Jun. 26, 2013) (relator and defendant had history, pre-FCA complaint, of bidding disputes regarding federal contracts). The Relator here, which is nothing more than an empty shell formed and used to hide the Anonymous Individual's identity, lacks standing.[4]

## II.  Relator's Claims Fail under Fed. R. Civ. P. 12(b)(6) and 9(b)

For at least the following reasons, Relator's claims are also subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

*First*, as to **all** of the allegations in the SAC, Relator has failed to plead with the requisite particularity mandated by Fed. R. Civ. P. 9(b), which applies in cases brought pursuant to the FCA and its state-based analogues. *See United States v. Lab'y Corp. of Am. Holdings*, No. 107 Civ. 05696, 2015 WL 7292774, at *3 (S.D.N.Y. Nov. 17, 2015) (citations omitted). Rather, Relator paints in broad strokes, asserting, in conclusory and blunderbuss fashion, that all of the "Defendants" engaged in various conduct that they collectively "knew" was inappropriate, without sufficient specific allegations regarding particular defendants such as Mr. Basch. In Relator's entire 180-paragraph SAC, Mr. Basch is mentioned in only seven (7) paragraphs, four (4) of which are expository and non-substantive in nature. *See generally* SAC. Nowhere in in the SAC does Relator allege with *any* particularity, much less that required by Fed. R. Civ. P. 9(b), that Mr. Basch personally made or caused to be made any false claims at all, the "where, when, or how" of such conduct, or that he did so intentionally or knowingly – as is all required to state a claim under the FCA. *See, e.g.*, *U.S. ex rel. Kester v. Novartis Pharms. Corp.*, 23 F. Supp. 3d 242, 255 (S.D.N.Y. 2014). Relator's claims are thus ripe for dismissal for lack of particularity.

*Second*, Relator's claims that Defendants submitted claims for tests "that were not reasonable and necessary" and that it "made, used, and caused to be made or used" false statements to get false claims paid "by the United States" should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For starters, Relator's conclusions regarding the laws and regulations governing clinical laboratory testing are, variously, irrelevant, incomplete, misleading, and just flat-out wrong. Even if Relator's factual allegations *did* pass muster under applicable pleadings standards, Relator would still not be entitled to relief on these claims given the substance of the *actual* laws and regulations applicable to lab testing and lab testing claims, and this Court need not accept Relator's faulty legal conclusions as true even on a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As it happens, however, Relator's claims regarding lack of medical necessity and false certification are devoid of sufficient supporting factual allegations and thus would be subject to dismissal even if its legal theories *were* correct (which they are not). *See* SAC. These claims should also thus be dismissed.

---

[4] Relator's retaliation claims should also be dismissed on jurisdictional grounds. These claims are asserted *not* by Relator, but rather by Relator's anonymous principal, who is not actually a party in this action; Relator itself, which is *not* alleged to have ever been (nor, as a corporation, could it actually have been) an employee of any of the Defendants, much less one that allegedly engaged in protected activity, does not have standing to bring retaliation claims under the FCA or NJ CEPA. *See* 31 U.S.C. § 3730(h); N.J.S.A. 34:19–1, *et seq*.

Hon. Nicholas G. Garaufis
Re: *United States ex rel. YNKDY-2 v. Shiel Medical Laboratory, et al.*
    Civil Action No. 16-CV-1090
October 20, 2022
Page 5

*Third,* Relator's FCA claims based on purported violations of the federal Antikickback Statute, 42 U.S.C. § 1320a-7b (the "AKS") fail to allege that (or how) Mr. Basch knowingly and willfully violated the AKS, as is required to state FCA claims based on AKS violations against him in the first place. *United States ex rel. Hart v. McKesson Corp.*, No. 15-CV-0903 (RA), 2022 WL 1423476, at *12 (S.D.N.Y. May 5, 2022). To satisfy the AKS's "heightened intent requirement," a relator must allege that the defendant "knew the conduct was unlawful and proceeded with the business practice regardless." *Hart,* 2022 WL 1423476 at *15. Here, the SAC is wholly devoid of ***any*** allegations regarding Mr. Basch's personal conduct, knowledge, or willfulness, and contains but conclusory allegations regarding the collective "Defendants'" alleged scienter. *See, e.g.,* SAC ¶¶ 119-20. Such allegations are insufficient to state claims under the FCA and its state-based analogues. *See Hart,* 2022 WL 1423476 at *15.

*Fourth*, Relator's FCA claims premised on alleged violations of the federal Physician Self-Referral Law, 42 U.S.C. § 1395nn (the "Stark Law") similarly fail to allege the elements and details of such alleged violations, as is required to state FCA claims based on alleged Stark Law violations. *United States ex rel. Bookwalter v. UPMC,* 946 F.3d 162, 175 (3d Cir. 2019). The SAC alleges no details whatsoever regarding the purported Stark Law violations that underlie its alleged FCA claims, much less about how Mr. Basch was involved in such purported violations, and asserts, in wholly conclusory fashion, only that "Defendant knowingly compensated physicians and skilled nursing facilities in exchange for referrals, in violation of the Stark Law." SAC ¶ 120. Such allegations are insufficient, and should be dismissed.

*Fifth*, Relator's claim that Defendants failed to return retained overpayments in violation of the so-called "reverse" false claims provisions of the FCA – which "boil down to [Defendants] allegedly receiving payment on false claims and thus retaining Government funds to which they were not entitled" – is not an adequate basis on which to allege a reverse false claim. *United States ex rel. Gelbman v. City of New York*, No. 14 Civ. 771 (VSB), 2018 WL 4761575, at *8 (S.D.N.Y. Sept. 30, 2018). Indeed, as the Second Circuit recently held in *United States ex rel. Foreman v. AECOM, et al.*, 19 F.4th 85 (2d Cir. 2021), reverse false claims cannot "turn on the same conduct underlying a traditional false claim," and "reverse false claims" that "mirror" a relator's direct "false claims under § 3729(a)(1)(A)" should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* at 119-20.

\* \* \*

For at least the foregoing reasons, as well the reasons set out in today's letter to the Court from counsel for Defendants Shiel Medical Laboratory and BIM Medical Inc., Mr. Basch intends to file a motion to dismiss the claims against him, and respectfully requests that the Court: (1) schedule a Pre-Motion Conference preparatory to the filing of such a motion, and; (2) extend Mr. Basch's time to answer, move, or otherwise respond to the SAC, to a date to be determined at the conference.

Hon. Nicholas G. Garaufis
Re: *United States ex rel. YNKDY-2 v. Shiel Medical Laboratory, et al.*
    Civil Action No. 16-CV-1090
October 20, 2022
Page 6

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Claude Millman

*On behalf of all counsel for Jack Basch*