

Thomas M. Wood, IV
T: 410.332.8523 | F: 410.332.8564 | tmw@nqgrg.com

October 20, 2022

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States ex rel. YNKDY-2 v. Shiel Medical Laboratory, et al.*,
             Civil Action No. 16-CV-1090-NGG

Dear Judge Garaufis:

    I, along with the lawyers at Rakower Law PLLC, represent Defendants Shiel Medical Laboratory ("*Shiel Lab*") and BIM Medical Inc. ("*BIM*") in the above-referenced action. On behalf of all counsel for Shiel Lab and BIM, I respectfully request a pre-motion conference and, pursuant to Rule V.A.2.a. of Your Honor's Individual Rules, submit this pre-motion letter concerning Shiel Lab and BIM's anticipated motion to dismiss all causes of action asserted against them in Relator's Second Amended Complaint (the "*SAC*"), which were brought pursuant to the Federal False Claims Act (the "*FCA*") and New York's and New Jersey's False Claims Acts modeled after the FCA. Defendants Shiel Lab and BIM also request an extension of time to file their motion to dismiss to a date to be determined at the pre-motion conference and will confer with Relator's counsel in advance of the pre-motion conference to discuss a mutually agreeable briefing schedule.[1]

    As explained below, Relator's SAC should be dismissed in its entirety as against Defendant Shiel Lab for lack of jurisdiction under both Federal Rule of Civil Procedure ("*FRCP*") 12(b)(1) and 12(b)(2) because Shiel Lab is nothing more than a trade name for BIM. Further, the employment retaliation claims in Counts VI and VII should be dismissed under FRCP 12(b)(1) for lack of jurisdiction because Relator does not have standing to sue on behalf of unidentified, non-party John Doe. Additionally, the SAC should be dismissed as against Defendant BIM under FRCP 12(b)(6) for failure to state a claim because the SAC: (i) fails to properly put each Defendant on notice of the claim or claims against it as required by FRCP; (ii) fails to plead the fraud and fraud-based claims in Counts I–V with the requisite particularity under FRCP 9; and (iii) fails to state employment retaliation in Counts VI and VII against BIM. Additionally, I am in receipt of Defendant Jack Basch ("*Mr. Basch*")'s pre-motion letter to Your Honor filed on even date herewith

---

[1] By Order dated September 12, 2022, Shiel Lab's and BIM's current deadline to answer, move, or otherwise respond to the SAC is October 25, 2022.

("*Mr. Basch's Letter*") that identifies additional reasons for dismissal of the SAC. On behalf of Defendant BIM, I hereby incorporate by reference the arguments for dismissal contained in Mr. Basch's Letter as if fully set forth herein.[2]

### I. This Court Lacks Jurisdiction over Shiel Medical Laboratory and All Claims Against It Under FRCP 12(b)(1) and 12(b)(2).

In Counts I–VII of the SAC, Relator seeks judgment against Shiel Lab. Relator alleges that "Defendant Shiel Medical Laboratory was a private corporation incorporated in the State of New York [] with its principal place of business in Brooklyn, New York." SAC ¶ 10; *see also id.* ¶ 2. Despite Relator's allegations, corporate documents filed with the New York Department of State Division of Corporations ("*NYDOS-DC*"), of which this Court can judicially notice on a motion to dismiss because they are publicly accessible online[3] and their accuracy cannot reasonably be questioned, *see Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016), reveal that "Shiel Medical Laboratory" is not a corporation or a separate entity, but rather is an assumed trade name for Defendant BIM.

A New York domestic corporation's assumed name is the trade name the corporation uses to do business, i.e., it is the corporation's "d/b/a". N.Y. Gen. Bus. Law § 130 (McKinney); NYCRR, Title 19, Chapter IV, Division of Corporations § 156.4. Here, NYDOS-DC records show that Shiel Lab is nothing more than a trade name for BIM, which is already a Defendant in this case. "It is well settled that a trade name 'has no separate jural existence, and that it can neither sue nor be sued independently of its owner,'" *See, e.g., Leser v. Karenkooper.com*, 856 N.Y.S.2d 498 (N.Y. Cty. Sup. Ct. 2008) (quoting *Provosty v. Lydia E. Hall Hosp.*, 91 A.D.2d 658, 659 (N.Y. App. Div. 2d Dep't 1982), *aff'd sub nom. Provosty v. Lydia Hall Hosp.*, 451 N.E.2d 501 (N.Y. 1983)). Thus, this Court lacks personal jurisdiction over Shiel Lab. For similar reasons, Relator does not have standing to sue Shiel Labs, because any judgment against it would be a nullity. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (noting that standing requires redressability of the alleged injury). Thus, this Court also lacks subject matter jurisdiction over Relator's claims against Shiel Lab. Accordingly, dismissal of all claims against Shiel Lab is required.

---

[2] In the event this Court determines it has jurisdiction over Shiel Lab, the arguments for dismissal set forth herein on behalf of BIM and contained in Mr. Basch's Letter previously incorporated by reference shall also apply to Shiel Lab. Further, the arguments contained herein assume *arguendo* that Relator is a proper party in the first instance, which, for the reasons set forth in Mr. Basch's Letter, Relator is not. Thus, the arguments herein are made in the alternative.

[3] An entity records search can be performed *via* https://apps.dos.ny.gov/publicInquiry/.

## II. This Court Lacks Jurisdiction over Counts VI and VII of the SAC Under FRCP 12(b)(1)[4].

In Counts VI and VII of the SAC, Relator, a corporation identified as YNKDY-2, attempts to bring Federal and State employment retaliation claims on behalf of John Doe, an individual who is simply alleged to be "one of the principals who formed the corporate entity which is the Relator in this action." SAC ¶ 167. This Court, however, lacks jurisdiction to hear these claims. To be sure, "[t]he Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771–72 (2000) (citation omitted) (emphasis in original). "An interest unrelated to injury in fact is insufficient to give a plaintiff standing[.]" *Id.* at 772–74. The FCA, however, provides a statutory exception: "United States' injury in fact confer[s] standing on [a] relator to bring [a] qui tam civil action under False Claims Act (FCA)." *See id.* Significantly, the FCA does not include an exception allowing a corporate relator to stand in the shoes of an individual for purposes of bringing an individual's statutory employment retaliation claims. Thus, Relator lacks standing to bring John Doe's retaliation claims in Counts VI and VII, and this Court should dismiss those claims under FRCP 12(b)(1). *See Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021) ("A district court properly dismisses an action under Fed. R. Civ. P.12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when the plaintiff lacks constitutional standing to bring the action." (internal citations and quotation marks omitted)).

## III. This Court Should Dismiss the SAC Under FRCP 8, 9 and 12(b)6.

### (i) *The SAC fails to properly put each Defendant on notice of the claim or claims against it as required by FRCP 8.*

First, the vast majority of the SAC's purported factual allegations are improperly group pled, *see, e.g.*, SAC ¶¶ 77-80, 81, 88, 90, 96, 119-120, 122-125, 128, 131-133, 136-138, 143-146, 148-151, 156-158, 160, 161-163, 168-169, making it nearly impossible for any Defendant to know which claims are being alleged against it. Further, the SAC is unclear as to the meaning of the undefined term "Shiel", which is used throughout the SAC, and Relator improperly, and confusingly, uses the term "Shiel" for several different entities spanning a time period both before and after the sale of Shiel Medical Laboratory, Inc. (the "*Sale*") (after which sale Shiel Medical Laboratory, Inc., which is not named as a party in this case, changed its name to BIM). *See, e.g.*,

---

[4] Although Counts VI and VII do not appear to be against BIM or Shiel Lab, we nevertheless raise this argument out of an abundance of caution given that Relator's allegations fail to satisfy the pleading requirements under FRCP 8, much less the heightened pleading standards of FRCP 9. *See* discussion, *infra*.

SAC ¶¶ 2-4, 6, 11-12, 13, 6, 49-50, 81-87, 92, 96-104, 106-109, 115-118, 121, 136, 166-167. Compounding these pleading failures, the allegations in the SAC are practically devoid of dates, making it a complete guessing game for Defendants to try to figure out whether the allegations are based on an occurrence before or after the Sale. *See* SAC, generally. Thus, the claims in Counts I-VII should be dismissed under FRCP 8. *See In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 383–84 (S.D.N.Y. 2016) (dismissing claims involving a group of affiliated corporate entities for failure "to separately state a claim against each and every defendant" as required by FRCP 8).

### (ii) *The SAC fails to plead Relator's fraud-based claims in Counts I–V with the requisite particularity under FRCP 9.*

Claims alleging fraud, including those brought under the FCA, "fall within the express scope of [FRCP] 9(b)." *See Gold v. Morrison–Knudsen Co.*, 68 F.3d 1475, 1476–77 (2d Cir.1995) (citing cases). FRCP 9(b)'s particularity standard, which is "rigorously enforced" in the Second Circuit, requires a plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Gelbman v. City of New York*, 790 F. App'x 244, 247 (2d Cir. 2019) (Summary Order) (citation omitted). In Counts I-V, Relator was required to plead fraud or a fraudulent scheme and the submission of false claims with particularity. *See U.S. ex rel. Moore v. GlaxoSmithKline, LLC*, No. 06 CIV. 6047 BMC, 2013 WL 6085125, at *4 (E.D.N.Y. Oct. 18, 2013). The SAC does not do either.

First, the SAC fails to sufficiently allege fraud or a fraudulent scheme against Shiel Lab, BIM or any other Defendant. For example, Relator did not particularly allege the date or dates "when" the alleged fraudulent acts occurred or statements were made, utilized improper group pleading and also conflated who "Shiel" was throughout the SAC. In short, Relator did not particularly allege "who" did what, when, which is patently insufficient. *See e.g., United States ex rel. Gelbman*, 790 F. App'x at 248–49 (affirming the district court's dismissal for failure to satisfy FRCP 9(b)'s particularity standard). Moreover, Relator did not allege details regarding the submission of any actual false claims submitted by any Defendant. Thus, Counts I-V should be dismissed. *See id.* at 248-250.

### (iii) *The SAC fails to sufficiently allege the employment retaliation claims in Counts VI and VII against BIM.*

Counts VI and VII do not contain any allegations that BIM (d/b/a Shiel Lab) did anything to retaliate against John Doe. The reason why is simple and is shown on the face of the SAC – BIM (d/b/a Shiel Lab) was not John Doe's employer when he was terminated. *See* SAC ¶¶ 2, 166-167. To be liable under 31 U.S.C. § 3730(h) and N.J.S.A. 34:19–1, *et seq.*, for retaliation, a person must be the employer of the employee allegedly being retaliated against. *See United States ex rel.*

**NEUBERGER QUINN GIELEN RUBIN GIBBER P.A.**
The Honorable Nicholas G. Garaufis
October 20, 2022
Page 5 of 5

---

*Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 95 (2d Cir. 2017) (discussing liability under 31 U.S.C. § 3730(h)); *D'Annunzio v. Prudential Ins. Co. of Am.*, 927 A.2d 113, 119 (N.J. 2007) (discussing liability under N.J.S.A. 34:19–1, et seq.). Thus, Counts VI and VII should be dismissed as against BIM.

### IV. This Court Should Deny Any Request for Leave to Amend.

Given all of its deficiencies, including, but not limited to the foregoing reasons, dismissal of the SAC in its entirety with prejudice is appropriate and any request for leave to amend should be denied. The SAC is Relator's third bite at the apple for a lawsuit that began in 2016 and was investigated by the State of New Jersey, the State of New York and the United States of America, all of whom declined to intervene. Relator has had ample time and several opportunities to file sufficiently pleaded allegations. Nevertheless, Relator has failed to do so. Thus, any request by Relator for leave to amend should be denied. *See United States v. Immediate Home Care, Inc.*, No. 06CV01067FBVPP, 2016 WL 3545699, at *4 n.6 (E.D.N.Y. June 24, 2016) ("Leave to amend should be 'freely give[n] ... when justice so requires,' but 'should generally be denied in instances of... repeated failure to cure deficiencies by amendments previously allowed.'" (citing Fed. R. Civ. P. 15(a)(2); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008))).

---

For at least the foregoing reasons, as well as the reasons set forth in Mr. Basch's Letter filed on even date herewith, Shiel Lab and BIM intend to file a motion to dismiss the claims against them, and respectfully request that this Court: (1) schedule a pre-motion conference prior to the filing of such a motion; and (2) extend Shiel Lab's and BIM's time to file their motion to dismiss to a date to be determined at the conference.

Respectfully submitted,

/s/ Thomas M. Wood, IV
Thomas M. Wood, IV

*On behalf of all counsel for Defendants Shiel Lab and BIM*

TMW/nmb
Cc:  All Counsel of Record (via ECF)