

Morris R. Borea
860.297.4676
borea@halloransage.com

March 3, 2023

**VIA ECF**

Honorable Judge Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States of America et al. v. Shiel Medical Laboratory et al.*, Civil Action No. 1:16-cv-01090-NGG-TAM
            Plaintiffs' Request for Pre-Motion Conference

Dear Honorable Judge Nicholas G. Garaufis:

    I represent United States of America *ex rel* YNKDY-2, State of New York *ex rel* YNKDY-2, and State of New Jersey *ex rel* YNKDY-2, Plaintiffs in the above-captioned action, and I submit the foregoing letter to request a pre-motion conference in anticipation of Plaintiffs' impending motion for leave to file an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

I.

    On March 4, 2016, Plaintiffs filed an initial complaint that asserted several causes of action against Defendants Shiel Medical Laboratory; Shiel Holdings, LLC; Fresenius Medical Care; BIM Medical, Inc.; Jack Basch; and Does 1-10, Inclusive, et al., for violations of federal and state law. Plaintiffs thereafter filed a First Amended Complaint and a Second Amended Complaint, in which each of the fictitiously named Doe defendants remained unnamed.

    Each of the fictitiously named Doe defendants is an individual or corporation which has submitted or caused the submission of false claims, acting in concert with one or more of the other defendants. Plaintiffs now have sufficient information about the names and identities of each of the fictitiously named Doe defendants.

Halloran & Sage LLP | 125 Eugene O'Neill Drive | Suite 300 | New London, CT 06320 | 860.437.0370 | Fax 860.437.0391 | halloransage.com

New London | Danbury | Hartford | Middletown | New Haven | Washington, D.C.

Page 2
March 3, 2023

Thus, Plaintiffs seek leave to file a Third Amended Complaint to substitute the Doe defendants with named defendants. Specifically, Plaintiffs seek to add Fresenius Medical Care Holdings, Inc. and Spectra Holdco, LLC as named defendants. It is expected that the Doe defendants may argue that the substitution will result in undue prejudice, such that the Doe defendants will be prejudiced in defending on the merits. However, the facts suggest that the Doe defendants knew or should have known that the action would be brought against them, given the conduct underlying the action, namely violations of the federal False Claims Act and its state counterparts.

II.

Under the Federal Rules of Civil Procedure, a party may amend a pleading with the court's leave, and the court's leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility," the court's leave should be "freely given" in accordance with the Federal Rules. Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000); *see also* Foman v. Davis, 371 U.S. 178, 182 (1962). The trend in the Second Circuit has been "to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d. Cir. 1993); *see also* State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981).

First, Plaintiffs have not acted with undue delay, bad faith, or dilatory motive. Plaintiffs attempted to serve process on one of the Doe defendants last year. However, on August 19, 2022, Plaintiffs received a Notice of Rejected Service of Process, stating that service failed because the documents did not correctly identify the intended recipient, such that the process server was unable to act. The Notice further stated that the party name appeared to be incomplete and/or that there were other errors in the party name. Plaintiffs identified the party as "Fresenius Medical Care," based on that party's use of "Fresenius Medical Care" in its 2013 Annual Report, in its 2013 Form 11-K for its Annual Report pursuant to Section 15(d) of the Securities Exchange Act of 1934, and in other electronic publications, all of which explicitly reference the party's relation with Defendant Shiel Medical Laboratory. Although Plaintiffs believed that their identification of the party was proper, service failed because Plaintiffs did not identify the party by the name "Fresenius Medical Care Holdings, Inc." Plaintiffs therefore attempted to serve process in a timelier manner and in good faith, but Plaintiffs failed due to what would otherwise be an insignificant omission.

Second, substituting the Doe defendants with named defendants in the proposed amended complaint will not result in undue prejudice to the defendants. The proposed amended complaint will pose no greater prejudice to the Doe defendants than the prejudice (or lack thereof) to which they have already been exposed through the initial complaint, First Amended Complaint, and Second Amended Complaint. With respect to Fresenius Medical Care Holdings, Inc., the facts suggest that it knew or should have known that the action would be brought against it, given that it retained counsel and such counsel contacted Plaintiffs' counsel regarding dismissal of the case with prejudice. In fact, counsel for Fresenius Medical Care Holdings, Inc. represented that "Fresenius Medical Care Holdings, Inc." was the proper party to be named in the filings instead of "Fresenius Medical Care." With respect to Spectra Holdco, LLC, the facts similarly suggest that

Page 3
March 3, 2023

it knew or should have known that the action would be brought against it. Counsel for Fresenius Medical Care Holdings, Inc. represented that Spectra Holdco, LLC was the proper party to be named in the filings and requested that Plaintiffs' counsel substitute Shiel Holdings, LLC with Spectra Holdco, LLC.

Third, substituting the Doe defendants with named defendants will develop the factual allegations and claims asserted in the Second Amended Complaint. Each of the Doe defendants is an individual or corporation which has submitted or caused the submission of false claims, acting in concert with one or more of the other defendants. As such, the Doe defendants are crucial to the ultimate resolution of the case.

### III.

Accordingly, for the reasons set forth hereto, Plaintiffs respectfully request that the Court schedule a pre-motion conference in anticipation of Plaintiffs' impending motion for leave to file an amended complaint.

Respectfully submitted,

Morris R. Borea