# DOWD BENNETT LLP

**James F. Bennett**  Direct Dial: (314) 889-7302  Email: jbennett@dowdbennett.com

November 21, 2023

Honorable Nicholas G. Garaufis, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East, Room 1426 S
Brooklyn, New York 11201

Re:   *U.S. ex rel. YNKDY-2 v. Shiel Medical Laboratory, et al.*, No. 16-CV-1090

Dear Judge Garaufis:

Along with Vinson & Elkins LLP, we represent Spectra Holdco, LLC ("Spectra") and Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America ("FMCNA") in the matter above. We write in response to the Court's text Order and the letter filed by Relator on November 20, 2023 (ECF No. 92) regarding the "Fourth Amended Complaint" that Relator filed without consent or leave of Court on November 18, 2023 (ECF No. 91).

Contrary to the assertion in Relator's letter, it has no "right" to amend yet again "as a matter of course" under Fed. R. Civ. P. 15(a)(1)(B) in response to the motions to dismiss that Defendants served on October 30, 2023. A plaintiff may amend "as a matter of course" under Rule 15(a)(1) only one time. *See, e.g.*, *Paladino v. Seals-Nevergold*, 2019 WL 1283830, *2-3 (D. Vt. Mar. 20, 2019). Once a plaintiff has exercised the one-time "right" to amend, it does not revive each time a motion to dismiss is served. *See, e.g.*, *Savignac v. Jones Day*, 341 F.R.D. 120, 126 (D.D.C. 2022). Relator has already amended its pleading three times since it filed suit in March 2016. *See* ECF No. 9, 22, 65. Thus, at this juncture, all further proposed amendments require consent or leave of Court under Rule 15(a)(2). *See, e.g.*, *Burke v. Verizon Communications*, 2020 WL 6538748, *3 (S.D.N.Y. Nov. 6, 2020).

Even if Relator's previous amendments were filed under Rule 15(a)(2)—which is unclear[1]—Relator's claimed "right" to amend has been extinguished. Rule 15(a)(1) does not "furnish[] a plaintiff with a potentially inexhaustible right to amend 'as a matter of course' that, like an ace in the hole, [they] can keep in reserve during multiple amendment cycles until the Court is unwilling to grant [them] any more opportunities." *Davis v. Sedgwick Claims Mgmt. Servs.*, 2023 WL 6150009, *12 (S.D.N.Y. Aug. 30, 2023), *R&R adopted*, 2023 WL 6141170 (S.D.N.Y. Sept. 20, 2023); *see also, e.g.*, *Adams v. Tops Markets, LLC*, 2023 WL 4828029, *2-3 (W.D.N.Y. July 7, 2023) (citing cases), *R&R adopted*, 2023 WL 4828112 (W.D.N.Y. July 26, 2023); *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010) (plaintiff waives right to amend as

---

[1] Relator moved for and was granted leave to amend before filing the Third Amended Complaint. Because certain pleadings remain sealed, it is unclear from the public docket whether Relator filed its first two amendments with leave of Court.

a matter of course if they choose to file a motion to amend instead). Here, Relator has already filed multiple amendments by choice to expand its substantive claims and allegations, and to which FMCNA and Spectra did not consent. Moreover, the additions to the "Fourth Amendment Complaint"—such as finally identifying Relator's anonymous "principal" and describing his alleged interactions at Shiel—are all allegations that Relator could have made in any prior complaint but purposely withheld, even in the face of multiple pre-motion letters raising the issues. While the Second Circuit has not addressed the issue of whether a party can strategically reserve the right to amend under Rule 15(a)(1) by relying on 15(a)(2) instead and courts have taken different approaches under different facts, as discussed in *Adams*, the proper conclusion on these facts is that Relator has already exercised its one-time right to amend as a matter of course. *Cf. Savignac*, 341 F.R.D. at 124 (explaining that Rule 15(a)(1) should not be interpreted "to circumvent Rule 15(a)(2)'s safe-guarding function" and "cannot be read to open the door to any and all ... amendments—no matter how late in the case, no matter how severe the prejudice to the opposing party, and no matter how unjustified the delay might be").

With respect to Rule 15(a)(2), as Relator is aware, FMCNA and Spectra object and do not consent to the "Fourth Amended Complaint." Relator also chose not to seek leave of Court before filing the amendment. Had it done so, FMCNA and Spectra would oppose any motion to amend on multiple grounds including undue delay, undue prejudice, bad faith, repeated failure to cure deficiencies in prior amendments, and futility. Because the "Fourth Amended Complaint" is unauthorized by any rule or order, it should be stricken. *See, e.g.*, *Adams*, 2023 WL 4828029, *3; *Paladino*, 2019 WL 1283830, *3; *Cummings v. Adidas USA*, 2009 WL 3270888, *1 (S.D.N.Y. Oct. 5, 2009).

In response to the Court's inquiry regarding whether and how Relator's proposed amendment should impact the current briefing schedule for Defendants' motions to dismiss, FMCNA and Spectra believe the parties should proceed as they had previously agreed and as ordered by the Court, and the motions to dismiss served on October 30 remain in effect. *See* ECF No. 89 & Sept. 14, 2023 Text Order. If and when Relator's proposed new allegations are properly before the Court, any necessary additional briefing—whether that is briefing on a motion to amend and/or supplemental briefing in support of the motions to dismiss—should be coordinated with the existing briefing schedule. It would be inefficient and prejudicial to require Defendants to redo their motions to dismiss due to Relator's filing of an unauthorized amendment, particularly when Relator agreed to the existing schedule without disclosing any intent to attempt to respond to the motions by amending its complaint rather than opposing the motions. Moreover, Relator's "Fourth Amended Complaint" admittedly does not moot the motions to dismiss, but only attempts to "address certain" arguments. *See* ECF No. 92. Thus, FMCNA and Spectra propose that, to the extent it becomes necessary to address additional allegations in the "Fourth Amended Complaint," they can do so in opposition to any motion for leave to amend by Relator and in the reply in support of their motion to dismiss, subject to a potential request for additional pages. FMCNA and Spectra further propose that any motion to amend be considered at the same time as the motions to dismiss.

Respectfully submitted,

/s/ James F. Bennett
James F. Bennett

cc    Mark Kleiman, Morris Borea, Steven Marcus, Howard Pierce, and Pooja Rajaram (via ECF), *Counsel for Relator*
Claude Millman, Caroline Rule, Scott Landau, and Scott Glicksman (via ECF), *Counsel for Jack Basch*
Thomas M. Wood and Nicole Barnard (via ECF), *Counsel for BIM Medical, Inc. and Shiel Medical Laboratory*
Rachel G. Balaban (via U.S. Mail), *Counsel for the United States*
Diana Elkind (via U.S. Mail), *Counsel for State of New York*
Charisse M. Penalver (via U.S. Mail), *Counsel for State of New Jersey*