# MEMORANDUM OF LAW IN SUPPORT OF
# RELATORS' MOTION FOR LEAVE TO AMEND COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Relators, United States of America, *ex rel.* YNKDY-2, State of New York, *ex rel.* YNKDY-2, and State of New Jersey, *ex rel.* YNKDY-2 (hereinafter "Relators") respectfully move the Court for leave to file the attached Fourth Amended Complaint.

The proposed Fourth Amended Complaint is intended to eliminate any debate over Defendants' claims of deficiencies in Relators' Third Amended Complaint. In their motions to dismiss, Defendants claim the Relators have not adequately pled their allegations to meet the requirement of Fed. R. Civ. P. 9(b). Relators' proposed Fourth Amended Complaint addresses any dispute about possible deficiencies by adding numerous specific facts and details to their allegations, including names of parties involved dates that fraudulent activity occurred, etc. that specifically show how Defendant's kickback and fraudulent addition of unsupported diagnostic codes and tests schemes worked. For example, Relators' proposed Fourth Amended Compliant adds Paragraphs 86-124, which contain detailed allegations regarding the addition of unsupported diagnosis codes and addition of unnecessary tests. The proposed Fourth Amended Complaint also adds Paragraphs 129-151, which contain specific details regarding Defendants' kickback scheme. In its proposed Fourth Amended Complaint, Relator also ties allegations to each individual Defendant who was responsible for the fraudulent conduct in question. See Paragraphs 83-85; 92; 102-103; 105-106; 110; 114-115; 117-121, specifying which Defendants are tied to allegations re: addition of diagnosis codes and unnecessary tests. See also Paragraphs 132; 139; 141-143; 145, specifying which Defendants are tied to the allegations regarding

kickbacks. Relators have also added Paragraphs 191-192 which show how individual Defendants fraudulently retained overpayments. Finally, the proposed Fourth Amended Complaint names the Relator as an individual, thereby obviating Defendants' arguments that Relator cannot proceed anonymously and that Relator is not a proper party. See Paragraphs 10; 222-238. The proposed Fourth Amended Complaint also names Relator as an individual in Counts VI and VII.

I. **Procedural History**

The initial Complaint in this matter and the succeeding First and Second Amended Complaints were filed under seal as required by 31 U.S.C. §3730(b)(2) prior to 2022. This Court ordered that the Second Amended Complaint ("SAC") be unsealed and served upon the Defendants on June 14, 2022. Refusing service of the SAC, Counsel for Defendant Fresenius Medical Care claimed to Relators' counsel that they were improperly named in the SAC. In reliance upon this assertion, Relators moved for leave to file their Third Amended Complaint on May 3, 2023, solely to substitute the John Doe defendants listed in prior iterations with Fresenius Medical Care Holdings, Inc., and Spectra Holdco, LLC; leave to amend was thereafter granted, and the Third Amended Complaint was filed on May 10, 2023. It is this Third Amended Complaint, virtually a clone of the second amended, which defendants moved to dismiss on October 30, 2023.

On November 18, 2023, less than 21 days after receipt of Defendants' motions to dismiss, Relators, believing they had the right to do so without the court's leave or the defendants' permission, filed its Fourth Amended Complaint under Fed. R. Civ. P. 15(a)(1)(B). As stated above, the Fourth Amended Complaint is intended to end, or at least limit, the need for debate over claimed legal deficiencies raised in the defendants' motion. Despite the fact that the

complaint has been amended previously, the proposed Fourth Amended Complaint is Relators' first response to the defects alleged by Defendants in their motions.

Relators have not acted with undue delay, bad faith, or dilatory motive. Upon receipt of Defendants motions to dismiss, they immediately sought to correct any deficiencies by drafting and submitting the proposed Fourth Amended Complaint. This Court subsequently ordered that Relators file the instant motion seeking leave to amend. The Second Circuit, as discussed in further detail *infra*, has a well-established policy of allowing amendment to ensure that disputes are resolved on their merits. Granting Relators leave to file their Fourth Amended Complaint will accomplish this goal. Accordingly, this Motion for Leave to Amend should be granted.

## II. Argument

### a. Legal Standard

Under the Federal Rules of Civil Procedure, a party may amend its pleading only with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). The court's leave should be freely given "when justice so requires." *Id.* In particular, the court's leave should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dept of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The strong preference of the Second Circuit is "to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also State Tchrs. Rt. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) and *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011).

Indeed, Federal Rule of Civil Procedure 15(a)(1) was amended in 2009 to include the 21-day deadline from when a defendant files a motion under Rule 12(b), (e), or (f). The advisory committee's note states its purpose:

> The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment. Granting Relators' motion for leave to amend perfectly matches the Advisory Committee's comment about 15(a)(1) and is in the interests of the efficient administration of justice. Allowing Relators to add specific facts and details about Defendants fraudulent schemes will "reduce the number of issues to be decided and will expedite determination of issues . . ." (*ibid*) It will also allow the case to be decided on its merits, in accordance with the strong preference of courts in this Circuit.

    b. **Under the Second Circuit's Permissive Standard for Leave to Amend, the Relator's Motion Should be Granted**

The Fourth Amended Complaint is the first amendment wherein the Relator has corrected substantive defects claimed by the Defendants (via their *seriatim* objections to the operative Third Amended Complaint). Consequently, when the inevitable motions to dismiss are filed, the Fourth Amended Complaint will present the first occasion that this Court has been asked to

4

assess the viability of the Relator's claims. In such a circumstance, it is the predisposition in this Circuit that leave to amend should be liberally granted.

Leave to amend should be "freely give[n]…when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011). Even in the circumstance "where a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 199 (2d. Cir. 1990). This is particularly so when the instant motion is the first occasion in which the district court assessed the challenged claims. *See Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d. Cir. 1991) ("Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should be granted as a matter of course.").

Leave to amend may be denied "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (Citation and internal quotation marks omitted)

But here "futility" is no more a valid basis for denial of leave to amend than "bad faith" or "prejudice." Futility is available to deny amendment "only where it is beyond doubt that the plaintiff can prove no set of facts in support of [his] amended claims." *Palmer v. Fannie Mae*, 755 Fed. Appendix 43, 46 (2d Cir. 2018) (Summary Order). *See also Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991) and *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2023)(same). As the Relator has addressed the defects alleged in the Defendants' motions to dismiss the Third Amended Complaint in the amendment now sought, the first such occasion for correction, claims of "futility" are premature.

Relators are not acting in bad faith in moving to amend their complaint. There is no ulterior motive or dilatory purpose in their seeking to amend. The only goal in seeking to amend is to directly respond to the contentions in Defendants' motions to dismiss and eliminate or at least greatly reduce the purported defects in the Third Amended Complaint.

Defendants' complaints of "delay" fall far short of the Second Circuit standard., which requires much more. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d. Cir., 2008)(Citation and internal quotation marks omitted). *See also U.S. ex rel Kirk v. Schindler Elevator Corp*, 926 F. Supp. 2d 510, 518 (S.D.N.Y, 2013) (same, in the context of the False Claims Act.). As bad faith is not present, and, as will be argued infra., prejudice does not adhere to Defendants, leave for amend cannot be denied on the basis of delay.

### c. Undue Prejudice

There is no undue prejudice that will keep Defendants from defending on the merits.

Relators proposed Fourth Amended Complaint does not add any new allegations, nor does it add any new parties. All the proposed amendment does is add detail to existing allegations in response to Defendants' motions to dismiss that claim that as pled, the allegations do not meet the requirements of Fed. R. Civ. P.9(b). It also names the Relator, which obviates the need for the Court to decide whether or not Defendants are correct to argue that a John Doe relator is improper.

"Prejudice results from an amendment requiring "the opponent to expend significant additional resources to conduct discovery and prepare for trial" or an amendment causing significant delay to the resolution of the dispute. *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks omitted)." *Power Up*

*Lending Grp., Ltd. v. Cardinal Energy Grp., Inc.*, 2022 U.S. Dist. LEXIS 25145 (E.D.N.Y, Feb. 11. 2022). See also *Monahan, supra,* at 284. Here, Relator's proposed Fourth Amended Complaint simply adds specific detail in direct response to Defendants' motions to dismiss. As there are no new allegations, the amendment will not require any more or additional resources to conduct discovery or prepare for trial; the allegations in the proposed Fourth Amended Complaint are the same transactions and occurrences which are already the subject of this lawsuit. In addition, allowing this amendment will not cause significant delay to resolution of the dispute; instead, it intends to streamline the judicial process by avoiding *seriatim* motions to dismiss and facilitate resolution on the merits.

### III.    Conclusion

For the foregoing reasons, Relator's motion for leave to file the Fourth Amended Complaint should be granted.

Dated: January 24, 2024
Hartford, Connecticut

Respectfully Submitted,

BY: _____
Howard L. Pierce
Halloran Sage, LLP
Fed Bar No. HP5655
225 Asylum Street
Hartford, CT 06103
Telephone: 860.297.4655
Pierceh@halloransage.com

## CERTIFICATE OF SERVICE

On January 24, 2024, I electronically submitted the foregoing document with the clerk of the court of the United States District Court, Eastern District of New York, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another means authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
Howard L. Pierce