UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. YNKDY-2; STATE OF NEW YORK, ex rel. YNKDY-2; STATE OF NEW JERSEY, ex rel. YNKDY-2, | **MEMORANDUM & ORDER** **16-CV-1090 (NGG) (TAM)** |

Relator,

-against-

SHIEL MEDICAL LABORATORY; SHIEL
HOLDINGS, LLC; FRESENIUS MEDICAL CARE;
BIM MEDICAL, INC.; JACK BASCH;
FRESENIUS MEDICAL CARE HOLDINGS, INC.;
SPECTRA HOLDCO, LLC; DOES 3-10,
Inclusive, et al.,

Defendants.

NICHOLAS G. GARAUFIS, United States District Judge.

Now before the court in this *qui tam* action is Relator YNKDY-2's[1] motion for leave to file their Fourth Amended Complaint. (Not. of Mot. to Amend (Dkt. 100); Mem. of Law in Support of Mot. to Amend ("Mot.") (Dkt. 100-1); Proposed Fourth Amended Complaint ("Proposed Fourth Am. Compl.") (Dkt. 100-2).) For the reasons discussed, Relator's motion is GRANTED.

---

[1] YNKDY-2 is a California corporation owned and created by James Gordon. (Third Am. Compl. (Dkt. 65) ¶ 9; Reply (Dkt. 106) at 13.) Relator asserts that filing the present action as YNKDY-2 rather than as Gordon was necessary to protect Gordon's identity and his family. (Reply at 13-14.)

## I.   BACKGROUND

### A.   Factual Background and Claims

In the Third Amended Complaint, Relator alleges, *inter alia*, that Defendant Shiel Medical Laboratory ("Shiel") and its successors[2] submitted hundreds of millions of dollars in false claims to the Medicare and New York and New Jersey Medicaid programs for tests that were neither reasonable nor necessary. (Third Am. Compl. ("TAC") (Dkt. 65) ¶ 4.) Defendants did this by falsely submitting diagnostic codes to trigger Medicare or Medicaid reimbursement, (*id.* ¶¶ 81-91), and knowingly submitting false claims for unnecessary tests, (*id.* ¶¶ 92-95.) Relator further alleges that these unnecessary tests arose from referrals based on improper financial relationships and kickbacks involving physicians and nursing facilities. (*Id.* ¶¶ 4, 96.) After the filing of this complaint in January 2017, James Gordon, referred to as John Doe in the TAC, was fired from Fresenius in February 2017. (*Id.* ¶¶ 173-74; Proposed Fourth Am. Compl. ¶¶ 222-38.)

### B.   Procedural History

Relator is now seeking to file their Fourth Amended Complaint. Relator filed its initial complaint on March 4, 2016. (Compl. (Dkt. 1).) A year later, while the case was still under seal, Relator filed their First Amended Complaint. (First Am. Compl. (Dkt. 9).) On February 9, 2022, Relator then filed a Second Amended Complaint after the court granted leave to do so under Fed. R. Civ. P. 15(a)(2). (Second Am. Compl. (Dkt. 22); *see also* Min. Entry dated December 28, 2021.) The case was then unsealed on June

---

[2] Shiel's laboratory business was purchased in 2013 by Defendant Fresenius Medical Care of North America ("Fresenius"). (Third Amended Complaint ("TAC") (Dkt. 65) ¶ 2.) The same year, Shiel became BIM Medical, Inc. (*Id.*) Defendant Jack Basch is an owner as well as President and CEO of BIM Medical, Inc. (*Id.* ¶¶ 2, 12.) Defendant Spectra Holdco, LLC ("Spectra"), was also named as related to Defendants Shiel and Fresenius. (*Id.* ¶ 17.)

14, 2022, after the United States and the States of New York, New Jersey, and Connecticut elected to decline intervention. (Order to Unseal (Dkt. 28); *see also* Dkts. 24-27.) Once unsealed, Relator filed their Third Amended Complaint in May 2023, on consent of the parties, to substitute John Doe Defendants for Defendants Fresenius and Spectra. (TAC; *see also* Mot. at 2; Min. Entry dated May 9, 2023.)

The Third Amended Complaint includes the following claims based on Defendants' alleged fraudulent schemes: (1) presentations of false claims under 31 U.S.C. §§ 3729 (a)(1) and (a)(1)(A) of the FCA; (2) false statements material to false claims under § 3729(a)(1)(B) of the FCA; (3) failure to return overpayments under § 3729(a)(1)(B) of the FCA; (4) violation of the New York False Claims Act claims under New York State Finance Law, Art. XIII §§ 187 *et seq.*; (5) violation of the New Jersey False Claims Act claims under N.J. Stat. Ann. § 2A:32C-3; (6) illegal retaliation on behalf of non-party John Doe under 31 U.S.C. §3730(h) of the FCA; and (7) illegal retaliation on behalf of John Doe under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et. seq.* (TAC ¶¶ 127-181.)

In September 2023, this court held a pre-motion conference in which it set a briefing schedule for Defendants' motion to dismiss Relator's Third Amended Complaint. (Min. Entry dated September 7, 2023.) In November 2023, after being served Defendants' motions to dismiss, and before filing its response, Relator filed a "Fourth Amended Complaint" without first seeking the court's leave to do so. (Dkt. 91.) The court struck this filing, finding that Relator was not permitted to file an amended complaint as a matter of course under Rule 15(a)(1), having already filed multiple amended complaints on consent or with the court's permission. (Min. Entry dated November 22, 2023.) Relator then made the present motion seeking leave to file their Fourth Amended Complaint. (*See* Not. of Mot. to Amend; Mot.; *see also* Fresenius

Response (Dkt. 101); BIM Response (Dkt. 102); Basch Response
(Dkt. 103); Reply (Dkt. 106).)

## II. LEGAL STANDARD

Leave to amend should be "freely give[n] . . . when justice so
requires," Fed. R. Civ. P. 15(a)(2). "This permissive standard is
consistent with [the Second Circuit's] strong preference for re-
solving disputes on the merits." *Williams v. Citigroup Inc.*, 659
F.3d 208, 212-13 (2d Cir. 2011).

Although leave to amend is liberally granted, it "may properly be
denied for: undue delay, bad faith or dilatory motive on the part
of the movant, repeated failure to cure deficiencies by amend-
ments previously allowed, undue prejudice to the opposing party
by virtue of allowance of the amendment, futility of amendment,
etc." *Ruotolo v. N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008).[3] The
"non-movant bears the burden of showing prejudice, bad faith
and futility of the amendment." *Grant v. Citibank (S.D.), N.A.*,
2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010). "Mere delay .
. . absent a showing of bad faith or undue prejudice, does not
provide a basis for the district court to deny the right to amend."
*Ruotolo*, 514 F.3d at 191.

Courts will normally grant leave to amend if no prejudice is
found. 6A Charles Alan Wright & Arthur R. Miller et al., *Federal
Practice & Procedure* § 1484 (3d ed. 2021). An amendment prej-
udices a non-moving party when, among other things, "the
assertion of the new claim or defense would (i) require the op-
ponent to expend significant additional resources to conduct
discovery and prepare for trial [or] (ii) significantly delay the res-
olution of the dispute." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d
275, 284 (2d Cir. 2000).

---

[3] When quoting cases, and unless otherwise noted, all citations and quota-
tion marks are omitted, and all alterations are adopted.

Ultimately, "[a] district court has broad discretion in determining whether to grant leave to amend[.]" *U.S. ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016).

## III. DISCUSSION

Given Defendants' inability to demonstrate undue prejudice at this early stage in the litigation, and the preference for deciding issues on the merits, the court grants Relator's motion to file a Fourth Amended Complaint.

The Relator asserts that it intends the proposed Fourth Amended Complaint to respond to arguments Defendants raised in their motions to dismiss by: (1) increasing detail to overcome the Fed. R. Civ. P. 9(b) pleading requirement; (2) providing detail that Relator argues ties the claims to each Defendant; and (3) naming the Relator as a party for the retaliation claims in response to the arguments that YNKDY-2 is not a proper party for these claims. (Mot. at 1-2; *see also* Proposed Fourth Am. Compl. ¶¶ 86-145, 191-92; 222-38.)

Defendants point out that Relator was reasonably on notice of these issues as early as October 2022 and that failing to raise them early on demonstrates bad faith or gamesmanship. (*See* Fresenius Response at 6; BIM Response at 4; Basch Response at 4; *see also* Basch Letter dated October 20, 2022 (Dkt. 52) (seeking a pre-motion conference to dismiss Plaintiff's claims based on, *inter alia*, Relator not being a proper party and failure to plead with particularity under Rule 9(b)).). Defendants also note that courts have denied leave to file an amended complaint based on a failure to cure deficiencies when on notice of such deficiencies. (*See* Fresenius Response at 7; BIM Response at 3; Basch Response at 2-3.) *See also, e.g., Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 371 (E.D.N.Y. 2022); *U.S. ex rel. Gallian v. AmerisourceBergen*, 2022 WL 20611664, *7 (E.D.N.Y. Dec. 22, 2022); *Ladas*, 824 F.3d at 28; *In re Eaton Vance Mut. Funds Fee*

*Litig.*, 403 F. Supp. 2d 310, 319 (S.D.N.Y. 2005; *In re Gen. Elec. Co. Sec. Litig.*, No. 09-CV-1951 (DLC), 2012 WL 2892376, at *4 (S.D.N.Y. July 12, 2012).

If Relator had sought leave to file their Fourth Amended Complaint prior to this court's holding a pre-motion conference and setting a briefing schedule for Defendants' motion to dismiss, this would have saved time and resources by avoiding the need to adjourn the briefing schedule to settle the present motion. It would also have avoided the appearance that Relator strategically timed its amendment by withholding relevant facts until after Defendants filed its motion to dismiss—an appearance supported by Relator's attempt to amend without the court's leave to do so. Courts in this district have rejected similar attempts to amend as a matter of course under Rule 15(a)(1) when the ability to amend was preserved "like an ace in the hole" kept "in reserve during multiple amendment cycles until the Court is unwilling to grant [] any more opportunities" to amend. *Davis v. Sedgwick Claims Mgmt. Servs.*, 21-CV-7090 (PGG), 2023 WL 6150009, *12 (S.D.N.Y. Aug. 30, 2023), *R&R adopted*, 2023 WL 6141170 (S.D.N.Y. Sept. 20, 2023).

However, courts denying leave to amend based on failure to cure deficiencies when put on notice typically do so only in cases at a later stage in the litigation or where the court had already ruled on a dispositive motion. *See e.g.*, *Kyszenia*, 583 F. Supp. 3d at 371 (denying leave to amend after the court already ruled on motion to dismiss); *Gallian*, 2022 WL 20611664 at *7 (same); *Bank v. Spark Energy, LLC*, No. 19-CV-4478 (PKC), 2020 WL 6873436, at *4 (E.D.N.Y. Nov. 23, 2020), *aff'd*, 860 F. App'x 205 (2d Cir. 2021) (same); *Eaton Vance*, 403 F. Supp. 2d (same); *Ladas*, 824 F.3d at 28 (affirming district court's denial of leave to amend after district court dismissed claims and found amendment to be futile); *In re Gen. Elec. Co. Sec. Litig.*, 2012 WL 2892376, at *5 (denying leave to amend after a motion to dismiss where the

plaintiff waited until after the court's judgment to alter their legal theory); *AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, N.A., 626 F.3d 699, 725-26 (2d Cir. 2010) (denying leave to amend after cross-summary judgment motions had been filed).

Here, critically, the case is still in its early stages and the court has yet to rule on Defendants' pending motion to dismiss. Granting the amendment would therefore not prejudice the parties by requiring the Defendants to "expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Ruotolo*, 514 F.3d at 191. Defendants cite to the need to prepare additional arguments for dismissal, but this need to expend additional resources is outweighed by this Circuit's preference for deciding cases on the merits. *See Halloran v. Harleysville Preferred Ins. Co.*, No. 16-CV-00133 (VAB), 2018 WL 780214, at *5 (D. Conn. Feb. 8, 2018); *see also Williams*, 659 F.3d at 212-13 ("In the ordinary course, the Federal Rules of Civil Procedure provide that courts 'should freely give leave' to amend a complaint 'when justice so requires.' Fed.R.Civ.P. 15(a)(2). This permissive standard is consistent with our strong preference for resolving disputes on the merits."). Defendants therefore cannot demonstrate that Relator's purported bad faith would prejudice them such that denial of Relator's motion is warranted under Rule 15's liberal pleading standards.

Defendants also argue that the court should deny amendment based on futility grounds. (*See* Fresenius Response at 7-10; BIM Response at 6-10; Basch Response at 8-10.) Courts may deny leave to amend due to futility if the amended complaint would not support a claim and would be dismissed on a Rule 12(b)(6) motion. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005) (collecting cases). However, courts have also found that leave to file an amended pleading should not be denied based on futility "unless the proposed amendment is

clearly frivolous or facially insufficient" and that rather than deny leave to file the amended complaint, the court should allow the opposing party to test the amendment through a dispositive motion. *Dominguez v. Walsh*, No. 22-CV-6443 (KMK), 2023 WL 6199861, at *3 (S.D.N.Y. Sept. 22, 2023); *see also Saxholm AS v. Dynal Inc.*, 938 F. Supp. 120, 124 (E.D.N.Y. 1996) ("[A] proposed claim is futile only if it is clearly frivolous or legally insufficient on its face. If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment.")

Here, Relator makes two sets of amendments. The first set of amendments adds additional allegations to support Counts I-V; the second set of amendments substitutes James Gordon for the purpose of the retaliation claims. (Mot. at 1-2.) Defendants argue that these amendments are futile because: even with the first set of amendments, Relator is unable to meet the heightened pleading standards under Rule 9(b); Gordon does not cure the TAC's purported standing issues; Gordon's claims are barred by the statute of limitations; and adding Gordon as a party is barred by the FCA's first-to-file rule. (*See* Fresenius Response at 8-9; BIM Response at 7; Basch at 6-8.) The court takes note of these arguments. However, because Relator's amendments could reasonably support Relator's and James Gordon's claims when the court decides Defendants' motions to dismiss, they are not futile. The court thus finds that Defendants' arguments will be better addressed when deciding the pending motion to dismiss.

In sum, the court GRANTS Relator's leave to amend. Defendants are unable to demonstrate prejudice or futility by Relator's proposed amendment. And while the court acknowledges that Relator could have saved time and the resources of defense counsel by filing the amendments prior to setting the briefing schedule, this Circuit's preference in deciding the issue on the

merits favors granting the amendment at this early stage in the litigation.

Lastly, the court updates the briefing schedule for the pending motion to dismiss as follows: Defendants shall, by March 22, 2024, file supplemental briefing; Relator shall respond by April 19, 2024; and Defendants shall file their replies, if any, and file the fully briefed motions by May 15, 2024. In the supplemental briefing, the court DIRECTS the Defendants to confer and file fifteen pages that address issues common to all three sets of Defendants in a combined supplemental brief. Each Defendant may additionally file five pages addressing issues specific to them only. Relator's response is not to exceed forty-five pages and Defendants' replies are not to exceed fifteen pages. In setting the new schedule, the court notes that Defendants served their opening motions almost four months ago on October 30, 2023, and that the amended complaint does not add new claims.

## IV.  CONCLUSION

Relator's motion to file their Fourth Amended Complaint is GRANTED. Relator is DIRECTED to file this complaint within five (5) days of this court's order. The court also sets the following updated briefing schedule on Defendants' pending motion to dismiss, as discussed herein: Defendants' supplemental papers to be filed by March 22, 2024; Relator's response due by April 19, 2024; Defendants' replies due by May 15, 2024.

SO ORDERED.


Dated:      Brooklyn, New York
            February 2̶6̶ 2024

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge